[No. 940.]

W. R. MUSGROVE, EXECUTOR OF THE ESTATE OF WILLIAM PATTERSON, RESPONDENT, *v.* ADOLPHUS WAITZ ET AL., APPELLANTS.

CERTIFICATE OF ACKNOWLEDGMENT—TESTIMONY OF NOTARY.—Where the certificate of a notary public conforms to the provisions of the statute and the notary is called as a witness and fails to state from memory the exact amount for which the mortgage was given: *Held*, that his testimony is not entitled to any greater weight than his certificate.

IDEM.—Where the property mortgaged is situate in a compact body, and the notary and party executing the mortgage are upon the premises and the notary informs the party that the mortgage is "on all this property here:" *Held*, that this language must have been as clearly understood as if he had read the description in the mortgage.

APPEAL from the District Court of the Second Judicial District, Ormsby County.

The facts appear in the opinion.

*Ellis & King*, for Appellant:

A certificate of acknowledgment may be disproved by parol testimony. (*Dodge* v. *Hollingshead*, 6 Minn. 25, *Annan* v. *Folsom*, Id. 500; Comp. Laws, 259.) The certificate must show that the wife was examined in the manner prescribed by the statute. (*Jordan* v. *Corey*, 2 Ind. 385.)

The officer did not inform the defendant of the contents of the instrument (Comp. Laws, 250). He did not read it to her.

*T. W. W. Davies,* for Respondent:

By the Court, Hawley, J.:

This is an action to foreclose a mortgage executed by appellants.

The appellant, Ann Waitz, in her separate answer, denied that she ever acknowledged the execution of said mortgage; that she ever knew the contents thereof, or that the contents were ever made known to her.

The only questions presented by this appeal, which are relied upon by appellants, relate exclusively to the sufficiency of the proof upon these points. The certificate of the notary substantially conforms to the provisions of the statute (1 Comp. Laws, 250–251). It is admitted that it makes out a *prima facie* case in favor of respondent, and that it was unnecessary for him to have introduced any other proof; but upon the trial he chose to introduce the notary before whom the acknowledgment was taken, and appellants claim that his testimony contradicts his certificate and establishes the facts in their favor.

The notary testifies that he did not read the entire mortgage to Mrs. Waitz. This was unnecessary. The law only requires that she should be "made acquainted with the contents." The witness says he "informed Mrs. Waitz of the contents of the mortgage before taking her acknowledgment." He did not describe to her the property mentioned in the mortgage by the number of the lots and block as named in the mortgage. It appears that the property mortgaged is in a compact body fronting on the north side of King street, in Carson, and lying between Curry street and an alley. The notary was upon the premises at the time of taking the acknowledgment and said to Mrs. Waitz that the mortgage was " on all this property here." Situated as the parties then were, this language of the notary must have been as clearly understood by her as if he had read the

description in the mortgage. He testified upon cross-examination that he told Mrs. Waitz that the mortgage secured a note for $1500. He was very positive as to the amount. Upon his re-examination he said: "I only had an idea that such was the amount; upon examination of the mortgage now I find the amount is $3000, and is fully written out in words. The amount named in the mortgage is what I told her, and that is $3000."

In the course of his testimony he said: "All the averments in the certificate of acknowledgment to this mortgage are true." This testimony shows that the recollection of the witness was in some respects at fault, and required the introduction of the mortgage to refresh his memory as to the actual facts. We apprehend there are very few of the officers authorized by law to take acknowledgments who could, after the lapse of two or three years, state from memory only the exact amount of every mortgage to which they had attached their certificate of acknowledgment. The fickle recollection of a witness, after such a period of time, is not entitled to any greater weight than his certificate, under seal, given at the time of the occurrence.

In this case the testimony not only fails to contradict the certificate of the officer in any essential particular, but in fact supports it upon every material point.

The judgment of the district court is affirmed.